[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
APR 25, 2007
THOMAS K. KAHN
CLERK

--------------------------------------

No. 06-12590
Non-Argument Calendar

--------------------------------------

Agency No. A95-227-588

LUIS FABRICIANO RICO,

                                                        Petitioner,

        versus

U.S. ATTORNEY GENERAL,

                                                        Respondent.

--------------------------------------------
Petition for Review of a Decision of the
Board of Immigration Appeals
--------------------------------------------

**(April 25, 2007)**

Before EDMONDSON, Chief Judge, TJOFLAT and HULL, Circuit Judges.

PER CURIAM:

        Petitioner-Appellant Luis Fabriciano Rico, a native and citizen of Colombia,

petitions for review of the denial of his motion to reopen his removal proceedings

by the Board of Immigration Appeals ("BIA"). No reversible error has been shown; we deny the petition.

We review the BIA's denial of a motion to reopen for abuse of discretion. Gbaya v. U.S. Attorney Gen., 342 F.3d 1219, 1220 (11th Cir. 2003). "In this particular area, the BIA's discretion is quite broad." Id. (internal quotation omitted); see also Anin v. Reno, 188 F.3d 1273, 1279 (11th Cir. 1999) (explaining the BIA has discretion to reopen proceedings "as it sees fit"); 8 C.F.R. § 1003.2(a) ("The [BIA] has discretion to deny a motion to reopen even if the party moving has made out a prima facie case for relief."). Appellate review of a denial of a motion to reopen "is limited to determining whether there has been an exercise of administrative discretion and whether the [manner] of exercise has been arbitrary or capricious." Garcia-Mir v. Smith, 766 F.2d 1478, 1490 (11th Cir. 1985) (internal quotation omitted). Motions to reopen are generally disfavored because "every delay works to the advantage of the deportable alien who wishes merely to remain in the United States." INS v. Doherty, 112 S.Ct. 719, 724-25 (1992).

A party may file only one motion to reopen, which "shall state the new facts that will be proven at a hearing to be held if the motion is granted, and shall be supported by affidavits or other evidentiary material." 8 U.S.C. § 1229a(c)(7)(A), (B). A motion to reopen must be filed no later than 90 days after the final

administrative decision. 8 C.F.R. § 1003.2(c)(2). But this time limit does not apply if the motion to reopen is based on changed circumstances in the country of the movant's nationality. Id. § 1003.2(c)(3)(ii). To meet this exception, a movant must offer material evidence that "was not available and could not have been discovered or presented at the previous hearing." Id.

The BIA determined that Rico's motion to reopen was untimely and that Rico had failed to establish that country conditions in Colombia had changed sufficiently to warrant reopening his removal proceedings. In reaching its decision, the BIA explained that, although Rico had submitted extensive evidence supporting his claim that homosexuals, such as Rico, are mistreated in Colombia, the record before the immigration judge ("IJ") also included evidence on this issue.[1] The BIA acknowledged that the evidence submitted with Rico's motion to reopen was more current than the information considered by the IJ; but the BIA concluded that this new evidence did not show that the frequency of incidents against homosexuals had increased since the IJ had considered Rico's case. In addition, the BIA rejected Rico's claim that he qualified as a "refugee sur place" --

---

[1] In his revised asylum application, Rico asserted that he was persecuted based on his political opinion and membership in a social group; and he alleged, among other things, that he had received death threats for being a homosexual and was on the "black list" of paramilitary groups in Colombia as a result of his homosexuality.

3

a person who was not a refugee when he left his country of origin but became a refugee at a later time -- because his case had received recent media attention in Colombia.

On appeal, Rico argues that his removal proceedings should be reopened because he has presented evidence showing that conditions for homosexuals in Colombia were significantly more dangerous in 2006, when Rico filed his motion to reopen, than in 2003, when the IJ denied his asylum application. Rico also asserts that the likelihood of future persecution against him in Colombia has increased because media reports there revealed that Rico was homosexual.[2]

The new evidence submitted with Rico's motion to reopen, when compared to the record before the IJ during Rico's asylum hearing, does not establish a material change in country conditions in Colombia. Much of the new evidence reports that homosexuals in Colombia are susceptible to "social cleansing" or "social cleaning" practices, which can include death. But evidence before the IJ -- including the 2001 State Department Country Report on Colombia's Human Rights Practices, a 2000 article entitled "Social Cleansing, Human Rights, and Sexual Orientation in Colombia," several news reports, and a 1996 article by the

---

[2]According to Rico, he and his lawyer responded to media requests in 2006 about his case, which resulted in Florida news coverage that mentioned Rico was homosexual and seeking asylum in the United States. Other news outlets picked up this coverage and reported on Rico's case in Colombia.

International Gay and Lesbian Human Rights Commission -- discussed violence against homosexuals in Colombia, including social cleansing. Some of these reports presented during Rico's initial proceeding indicated that attacks against homosexuals were not infrequent occurrences in Colombia. Therefore, we do not conclude that the BIA's denial of his motion was an abuse of discretion.

To the extent that Rico argues that the BIA violated due process by not addressing sufficiently the evidence Rico submitted with his motion to reopen, we reject this claim as without merit. The BIA noted that Rico had submitted evidence about the mistreatment of homosexuals in Colombia but that this new evidence did not show changed country conditions sufficient to reopen Rico's case. In addition, the BIA's decision referenced 8 C.F.R. § 1003.2(c)(3)(ii), which requires that a motion to reopen not be granted unless the evidence offered with the motion is material.[3]

Because Rico's motion to reopen was not timely, and he did not present evidence establishing changed conditions in Colombia, the BIA's denial of his motion was not arbitrary or capricious, or otherwise an abuse of discretion.

PETITION DENIED.

---

[3]And we disagree with Rico's assertion that the BIA violated due process by failing to address his "refugee sur place" claim. The BIA acknowledged that Rico had made such a claim but explained that Rico "failed to establish changed country conditions necessary to reopen proceedings."